R. DUANE WESTRUP #58610
LAWRENCE R. CAGNEY #141845
lcagney@wkalaw.com
PATRICIA K. OLIVER #193423
poliver@wkalaw.com
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802-4524
Telephone: (562) 432-2551
Facsimile: (562) 435-4856

Attorneys for Plaintiff Jessica Tosh-Surry and
all other similarly situated persons

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| JESSICA L. TOSH-SURRYHNE individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES INC d/b/a ABBOTT SALES, MARKETING & DISTRIBUTION CO., a Delaware corporation<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1. **UNJUST ENRICHMENT;**<br>2. **BREACH OF EXPRESS WARRANTIES;**<br>3. **BREACH OF IMPLIED WARRANTIES;**<br>4. **FALSE AND MISLEADING ADVERTISING;**<br>5. **FRAUDULENT CONCEALMENT; AND**<br>6. **UNFAIR AND DECEPTIVE BUSINESS PRACTICES UNDER VARIOUS STATE LAWS**<br><br>**Jury Trial Demanded** |

1

Plaintiff Jessica L. Tosh-Surryhne brings this class action on behalf of herself and all others similarly situated who purchased Defendants' Similac® infant formula. Plaintiff and members of the plaintiff class are not seeking damages for personal injuries, which claims are not within the scope of this case.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because members of the proposed nationwide Class are citizens from States different from Defendants' United States corporate residences of Delaware and Illinois, and the aggregate amount in controversy exceeds $5,000,000. Furthermore, Plaintiff is informed and believes and thereon alleges that Defendants have had sufficient contacts in this District such that maintenance of the action in this locale would be consistent with traditional notions of fair play and substantial justice.

2. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiff's claims within this District and caused harm to Class members residing within this District.

## PARTIES

3. Plaintiff Jessica Tosh-Surryhne is a resident of the State of California, In 2010, Plaintiff purchased Defendants' Similac® products for use by her infant son. Plaintiff has suffered damages as a result of Defendants' illegal and wrongful conduct described below.

4. Defendant Abbot Laboratories, Inc. d/b/a Abbot Sales, Manufacturing & Distribution Co. is a Delaware corporation. Abbot Laboratories, Inc. is an Illinois

corporation (hereafter these Defendants are referred to collectively as "Abbot" or "Defendants"). Abbot develops and markets Similac® infant formula for consumption by infants.

## REPRESENTATIVE PLAINTIFF'S PURCHASES

5. In 2010, Representative Plaintiff Jessica L. Tosh-Surryhne purchased Similac® infant formula for use by her infant son. Plaintiff fed this formula to her infant son.

6. Plaintiff is informed and believes and thereon alleges that Similac® infant formula is labeled, marketed, and advertised as a safe source of nutrition for infants.

## GENERAL ALLEGATIONS

7. This case involves Defendants' decision to market and sell Similac® infant formula when Defendants knew, or should have known, that their Similac® products were adulterated and harmful to infants.

8. Plaintiff is informed and believes and based thereon alleges that Similac® infant formula is unsafe and that Defendants knew or should have known these facts.

9. Plaintiff is informed and believes and based thereon alleges that Defendants either knew, recklessly disregarded or reasonably should have known that their Similac® products were adulterated and dangerous, but that Defendants nevertheless marketed their products for consumption by infants.

10. Plaintiff is informed and believes and based thereon alleges that Defendants actively marketed their Similac® products as a safe source of nutrition for infants because of the large market for such products.

11. Plaintiff is informed and believes and based thereon alleges that, also in September 2010, Defendants instituted a recall of Similac® products and disclosed the presence of beetles in the Similac® products and that the infants who consume formula containing the beetles or their larvae, were at risk of gastrointestinal discomfort and refusal to eat as a result of small insect parts irritating the GI tract. However, Plaintiff is informed and believes and based thereon alleges that, prior to instituting the recall, Defendants either knew, recklessly disregarded or reasonably should have known that their Similac® products were adulterated and unsafe, but continued to market products for consumption by infants anyway.

12. Plaintiff is informed and believes and based thereon alleges that Defendants specifically target parents with young children with their marketing, advertising and product labeling.

## CLASS ACTION ALLEGATIONS

13. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a nationwide class defined as follows:

> All persons and entities who purchased and paid for any of Defendants' Similac® infant formula.

Plaintiff alternatively seeks certification of a state class, defined as:

> All persons or entities who purchased and/or paid any of Defendants' Similac® infant formula in the states of

California, Florida, Illinois, Massachusetts, Minnesota, Missouri, New Jersey, North Dakota, Ohio and Washington (the "State Class")

14. Defendants' over-the-counter any of Defendants' Similac® infant formula are bought by millions of individuals each year for consumption by infants, making individual joinder of all Class members impracticable.

15. Questions of law and fact are common to the Class and predominate over questions affecting only individual members, including, *inter alia*, the following:

a) Whether the alleged conduct by Defendants violates laws as alleged in this Complaint;
b) Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices by engaging in false and deceptive advertising and by selling products which they knew to be unsafe;
c) Whether Plaintiff and the Class members are entitled to damages and equitable and/or injunctive relief;
d) Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class members; and
e) Whether Defendants were unjustly enriched by their deceptive and unlawful practices.

16. Plaintiff's claims are typical of the claims of the Class members, because her claims arise from the same course of conduct by Defendants and the relief sought is common.

17.  Plaintiff will fairly and adequately represent and protect the interests of all Class members. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

18.  Class certification is proper under Fed. R. Civ. P. 23(b)(i)(A), because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members and potentially establish incompatible standards of conduct for Defendants.

19.  Class certification is proper under Fed. R. Civ. P. 23(b)(3), because common issues of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20.  A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, because the economic damages suffered by the individual Class members may be relatively modest compared to the expense and burden of individual litigation, it would be impracticable for Class members to seek redress individually for the wrongful conduct alleged herein. There will be no difficulty in the management of this litigation as a class action.

21.  Plaintiff proposes that notice of this class action be provided by individual mailings to plaintiff Class members and/or by publication in national publications.

# FIRST CLAIM FOR RELIEF
# COMMON LAW UNJUST ENRICHMENT

22. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

23. Defendants have received benefits from Plaintiff and the Class members in the form of Plaintiffs and the Class members' payments for Defendants' Similac® products. By failing to inform consumers that their Similac® products were dangerous when consumed by infants, Plaintiff is informed and believes and based thereon alleges that Defendants reaped millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which were adulterated and harmful.

24. Defendants are aware of their receipt of those benefits.

25. Defendants received those benefits to the detriment of Plaintiff and each of the other Class members.

26. Defendants continue to retain those benefits to the detriment of Plaintiff and the Class members.

27. Under the circumstances, it would be inequitable for Defendants to retain those benefits.

28. As a result of Defendants' unjust enrichment, Plaintiff and the Class members seek full disgorgement and restitution of Defendants' ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

## SECOND CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

29. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here,

30. Defendants made numerous representations, descriptions and warranties that their Similac® products were safe for consumption by infants.

31. Plaintiff is informed and believes and thereon alleges that these representations were untrue and that Defendants either knew, recklessly disregarded or reasonably should have known, that their Similac® products were adulterated and dangerous when consumed by infants.

32. By providing false representations and warranties that their Similac® products were safe for consumption by infants, Plaintiff is informed and believes and based thereon alleges that Defendants reaped millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which were unsafe.

33. As a direct and proximate result of Defendants' false representations and warranties, Plaintiff and the Class members have suffered damages by purchasing Defendants' Similac® products.

34. As a proximate result of Defendants' actions, Plaintiff and members of the plaintiff Class are entitled to damages and restitution as herein set forth.

## THIRD CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTIES

35. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

36. Defendants impliedly warranted that their Similac® products were safe and effective for consumption by infants.

37. Plaintiff is informed and believes and thereon alleges that these implied warranties were untrue and that Defendants either knew, recklessly disregarded or reasonably should have known that their Similac® products were adulterated and dangerous when consumed by infants.

38. Plaintiff is informed and believes and based thereon alleges that Defendants reaped millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which were adulterated and unsafe.

39. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class members have suffered damages by purchasing Defendants' Similac® products.

40. As a proximate result of Defendants' actions, Plaintiff and members of the plaintiff Class are entitled to damages and restitution as herein set forth.

## FOURTH CLAIM FOR RELIEF
## FALSE AND MISLEADING ADVERTISING

41. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

42. Defendants' actions, as set forth above, constitute untrue and misleading advertising.

43. Defendants' use of various forms of media to advertise, promote and otherwise call attention to their Similac® products, deceptively misrepresented the products' attributes, performance, efficacy and characteristics. Defendants' Similac® products were not a safe source of nutrition for infants, and Defendants' promotion of these products constitutes unfair, deceptive, untrue and misleading advertising. Defendants' advertising and promotion deceived and continue to deceive the consuming public. These advertisements and promotional efforts misled consumers into thinking Defendants' products were safe for consumption by children. Defendants either knew, recklessly disregarded or reasonably should have known that such advertising/promotion was untrue and/or misleading.

44. As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Class members who purchased their Similac® products.

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the members of the Class are entitled to restitution and injunctive relief, including an injunction preventing Defendants from falsely advertising and marketing that their Similac® products as a safe source of nutrition for infants.

## FIFTH CLAIM FOR RELIEF
## FRAUDULENT CONCEALMENT

46.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

47.     Plaintiff is informed and believes and based thereon alleges that Defendants either knew, recklessly disregarded or reasonably should have known, that their Similac® products were dangerous for consumption by infants, but that Defendants continued to market, manufacture and distribute these products anyway.

48.     Plaintiff is informed and believes and based thereon alleges that Defendants actively concealed from Plaintiff, Class members, and the public, that their Similac® products were adulterated and unsafe for consumption by infants.

49.     Defendants owed Plaintiff and members of the Class a duty of reasonable care to disclose these facts and either knew, recklessly disregarded or reasonably should have known, that Plaintiff and members of the Class would rely upon Defendants' misrepresentations and/or omissions, Defendants knew that such facts were material to Plaintiffs and the Class members' decisions to purchase Defendants' Similac® products.

50.     Plaintiff is informed and believes and based thereon alleges that Defendants' misrepresentations and omissions were made with the intent to induce Plaintiff and the Class members to purchase and to continue to purchase Defendants' Similac® products.

51.   As a proximate result of the fraudulent concealment of Defendants, Plaintiff and the Class members were induced to purchase and to continue to purchase Defendants' Similac® products.

52.   At the time of these concealments, Plaintiff and the Class members were ignorant of the existence of the facts which Defendants concealed, including the fact that Defendants' Similac® products were adulterated and dangerous when consumed by infants. If Plaintiff and the Class members had been aware of the existence of the facts concealed by Defendants, they would not have purchased Defendants' Similac® products.

53.   The concealment of these facts was likely to mislead and did mislead Plaintiff and the members of the Class into believing they were purchasing safe and effective products, when in fact they were purchasing products which were adulterated and dangerous when consumed by infants.

54.   By reason of the foregoing, Plaintiff and members of the Class have suffered damages.

55.   As a result of the foregoing wrongful acts, and because Plaintiff is informed and believes and thereon alleges that Defendants' acts and/or omissions were actuated by malice and were accompanied by a wonton and willful disregard of persons who would foreseeably be harmed by those acts and/or omissions, Plaintiff and the Class members are not only entitled to damages, but are also entitled to exemplary and punitive damages in a sum not presently known, but sufficient for the sake of example and by way of deterring Defendants and others from further such actions.

## SIXTH CLAIM FOR RELIEF (as to the alternative State Class)
## UNFAIR AND DECEPTIVE BUSINESS PRACTICES

56. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here,

57. This claim for relief is pled on behalf of the alternative State Class of California, Florida, Illinois, Massachusetts, Minnesota, Missouri, New Jersey, North Dakota, Ohio and Washington residents.

58. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the manufacture, promotion and sale of their Similac® products. By promoting, marketing, advertising and selling Similac® products for consumption by infants when Defendants either knew, recklessly disregarded or reasonably should have known, that these products were adulterated and dangerous, Plaintiff is informed and believes and based thereon alleges that Defendants reaped millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the Class members to expend money on products which were unsafe.

59. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class members have suffered damages by purchasing Defendants' Similac® products.

60. The unlawful, unfair and fraudulent business practices and policies of Defendants, as described above, present a continuing threat to members of the public by causing economic damages and loss.

61. Defendants' actions, as set forth above, constitute unfair and deceptive business practices under the common law and the laws of each included state, including, but not limited to: California Business and Professions Code §§ 17200, *et seq.*; Florida Stat. Ann. §§ 501.204, *et seq.*; Illinois Consumer Fraud & Deceptive Practices Act, Ill. Comp. Stat. 815 §§ 505/2, *et seq.*; Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2,*et seq.*; Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325 F.69, *et seq.*; Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407 .0 10, *et seq.*; New Jersey Unfair Trade Practices Act, N.J. Stat. §§ 56:8-1, *et seq.*; North Dakota Consumer Fraud and Unlawful Credit Practices Act, N.D. Cent. Code §§ 51-15-01, *et seq.*; Ohio Consumer Sales Practices Act, and Ohio Rev. Code §§ 1345.01, *et seq.*; and Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq.*

62. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the members of the Class are entitled to restitution and injunctive relief, including an injunction preventing Defendants from falsely advertising and their Similac® products as a safe source of nutrition for infants, as well as compensatory damages, treble damages, punitive damages, attorneys' fees, and any other damages allowed by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiff, and grant the following relief:

a) That the Court determine that this action may be maintained as a class action with respect to a national class or a state class, pursuant to the appropriate subsections of Fed. R. Civ. P. 23 and that the Court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and her counsel to serve as Class Representative and Class Counsel;

b) Declare, adjudge and decree the conduct of the Defendants as alleged herein to be unlawful;

c) Grant Plaintiff and all Class members awards of actual, compensatory, punitive, exemplary damages, restitution and/or disgorgement in such amount to be determined at trial and as provided by applicable law;

d) Grant Plaintiff and all Class members a refund of all moneys acquired by Defendants by means of the unlawful practices alleged in this Complaint, as well as compensatory damages;

e) Grant Plaintiff and all Class members awards of restitution and injunctive relief, including an injunction preventing Defendants from falsely advertising and marketing their Similac® products as a safe source of nutrition for infants pursuant to California Business and Professions Code §§ 17200, *et seq.*; Florida Stat. Ann. §§ 501.204, *et seq.*; Illinois Consumer Fraud & Deceptive Practices Act, Ill. Comp. Stat. 815 §§ 505/2, *et seq.*; Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2,*et seq.*; Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325 F.69, *et seq.*; Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407 .0 10, *et seq.*; New Jersey Unfair Trade Practices Act, N.J. Stat. §§ 56:8-1, *et seq.*; North Dakota Consumer Fraud and Unlawful Credit Practices Act, N.D. Cent. Code §§ 51-15-01, *et seq.*; Ohio Consumer Sales

Practices Act, and Ohio Rev. Code §§ 1345.01, *et seq.*; and Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq.*

f) Grant Plaintiff and the Class members exemplary and punitive damages sufficient for the sake of example and by way of deterring Defendants and others from further such actions.

g) Grant Plaintiff and the Class members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and

h) Grant Plaintiff and the Class members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Date: September 24, 2010

LABOR LAW OFFICE, APC and
WESTRUP KLICK, LLP

_____
Lawrence R. Cagney
Attorney for Plaintiffs
JESSICA L. TOSH-SURRYHNE

**Additional Plaintiffs Counsel:**
MICHAEL L. CARVER  #173633
CarverM@aol.com
LABOR LAW OFFICE, APC
1600 Humboldt Road, Suite 3
Chico, CA  95928
Telephone:  (530) 891-8503
Fax:  (530) 891-8512

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: September 24, 2010

LABOR LAW OFFICE, APC and
WESTRUP KLICK, LLP

_____
Lawrence R. Cagney
Attorney for Plaintiffs
JESSICA L. TOSH-SURRYHNE