IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSICA L. TOSH-SURRYHNE, individually
and on behalf of others similarly situated;

      Plaintiff,                                No. CIV S-10-2603 KJM-EFB

    vs.

ABBOTT LABORATORIES INC. d/b/a
ABBOTT SALES, MARKETING &
DISTRIBUTION CO., a Delaware corporation,    ORDER

      Defendant.
                                        /

           The court is in receipt of plaintiff's request that plaintiff's motion to strike be heard concurrently with defendant's motion to dismiss filed on August 8, 2011. (ECF 71.) The motion to dismiss is set for hearing on August 10, 2011. Plaintiff filed its motion to strike on August 3, 2011. (ECF 69.)

           Local Rule 230(e) provides that "Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition. If a counter-motion or other related motion is filed, the Court may continue the hearing on the original and all related motions . . . ." Opposition for the motion to dismiss was to be filed by

/////

1

July 27, 2011.  Therefore, plaintiff's motion to strike is untimely as a related motion.  In any event, the Local Rule instructs the court that it may, not that it must, continue the hearing.

Despite its untimeliness, the court briefly addresses plaintiff's motion to strike, which the court finds is without merit.  It is within the court's discretion whether to consider new evidence presented for the first time in a reply; however, where it does so, it should give the non-movant the opportunity to respond.  *See Wallace v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 110140, at **18-19 (E.D. Cal. Nov. 23, 2009).  Here, however, the surreply is based on the flawed proposition that defendant's motion to dismiss has somehow been converted into a summary judgment motion by the introduction of the new evidence.  Federal Rule of Civil Procedure 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Defendant's motion is brought under Rule 12(b)(1), meaning Rule 12(d) does not apply.  "On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavits, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion."  *Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (citing *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007)).  The submission challenged by plaintiff here relates to "jurisdictional facts" because it tends to support defendant's argument that plaintiff's evidence fails to establish the existence of a live case or controversy. *See* Def.'s Reply at 3:12-6:11 (asserting that a November 5, 2010 investigative report provided by defendant to the U.S. Food and Drug Administration demonstrates the statistical unlikelihood plaintiff can prove it was under-compensated).  Indeed, if plaintiff cannot prove it was under-compensated by defendant's offers of a full refund for any adulterated formula plaintiff used, then defendant's motion to dismiss on grounds of mootness is significantly strengthened.

/////

1    In any event, although defendant did not offer the challenged exhibit until filing
2 its reply, the contention the exhibit is offered in support of is not a new argument and does not
3 raise new theories.
4    Plaintiff's motion to strike or, in the alternative, for leave to file a surreply and to
5 continue the hearing on the motion to dismiss is DENIED in its entirety.  Plaintiff's request that
6 the motion to strike be heard concurrently with the motion to dismiss is DENIED as moot.
7 DATED: August 8, 2011.

_____
UNITED STATES DISTRICT JUDGE