IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSICA L. TOSH-SURRYHNE, individually
and on behalf of others similarly situated;

    Plaintiff,

vs.

ABBOTT LABORATORIES INC. d/b/a
ABBOTT SALES, MARKETING &
DISTRIBUTION CO., a Delaware corporation,

    Defendant.

No. CIV S-10-2603 KJM-EFB

ORDER

        This matter comes before the court on defendant Abbott Laboratories, Inc.'s motion to dismiss for lack of subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1) filed on July 11, 2011. (ECF 56.)  This motion was heard on August 10, 2011; Lawrence Cagney appeared for plaintiff and Brian Mooney appeared for defendant.  For the following reasons, defendant's motion is GRANTED.

I.  FACTS AND PROCEDURAL HISTORY

        Plaintiff filed a complaint in this court on September 24, 2010, alleging multiple causes of action for damages suffered as a result of her purchase of adulterated baby formula sold by defendant. (ECF 1.)  Plaintiff alleges that the infant formula, Similac, was adulterated with beetles or their larvae, and that this contaminated Similac caused plaintiff's infant son to

develop gastrointestinal distress. (*Id.* ¶ 11.) Plaintiff filed an amended complaint on December 6, 2010 alleging six causes of action: (1) unjust enrichment, (2) breach of express warranties, (3) breach of implied warranties, (4) false and misleading advertising, (5) fraudulent concealment, and (6) unfair and deceptive business practices. (ECF 11 ¶¶ 22-62.) Plaintiff demands declaratory judgment against defendant, in addition to injunctive relief and "actual, compensatory, punitive, exemplary damages, restitution and/or disgorgement." (*Id.* at 15.)[1] The complaint also requests that the court certify a class of plaintiffs as "[a]ll persons and entities who purchased and paid for any of Defendants' Similac® infant formula in the State of California." (*Id.* ¶ 12.)

Defendant filed a motion to dismiss the amended complaint for failure to state a claim on December 20, 2010. (ECF 14.) The court took the matter under submission without oral argument on February 24, 2011. (ECF 30.)

Defendant filed the present motion to dismiss for lack of subject matter jurisdiction on July 11, 2011. (ECF 56.) Defendant contends that its "offer of a refund [to plaintiff] moots any restitution claim a purchaser of recalled Similac might have had, regardless of whether that purchaser accepts the refund," because defendant effectively offered to satisfy plaintiff's demands without the need for litigation. (Def.'s Mem. at 1, ECF 57.)

Plaintiff filed objections to the motion to dismiss on July 14, 2011 (ECF 63) and her opposition on July 27, 2011. (ECF 65.) Plaintiff challenges defendant's ability to file a second motion to dismiss at this stage of the litigation on the theory that defendant already raised mootness in a previous filing with the court. (*See* Pl.'s Obj. to Def.'s Filing of Second Mot. to Dismiss (Pl.'s Obj.), ECF 63.) Additionally, plaintiff disputes that defendant offered a full

---

[1] Plaintiff has voluntarily withdrawn her first and fifth claims, for unjust enrichment and fraudulent concealment, as well as her request for injunctive relief. (Pl.'s 12(b)(6) Opp'n at 10, ECF 25.) Accordingly, plaintiff's only remaining causes of action are for breach of express warranties, breach of implied warranties, false and misleading advertising, and unfair and deceptive business practices. (*See* Am. Compl.) Moreover, plaintiff's counsel conceded at the motion hearing that plaintiff is seeking only restitution.

2

refund to affected purchasers of Similac.  (Pl.'s Opp'n at 4.)  Plaintiff contends that as defendant's reimbursement policy is insufficient to make her whole, this reimbursement policy cannot moot plaintiff's complaint.  (*See id.* at 5.)

Defendant filed its reply on August 2, 2011.  (ECF 67.)  Defendant contends that because mootness is a jurisdictional question, it was appropriate for it to file a second motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) before the previous motion, brought under Federal Rule of Civil Procedure 12(b)(6), was adjudicated.  (*See id.* at 1-3.)  On August 3, 2011, plaintiff responded to defendant's reply by filing a motion to strike, or in the alternative for leave to file a surreply and for a continuance.  (ECF 69.)[2]  The court denied this motion by order filed on August 9, 2011.  (ECF 72.)

II.  THRESHOLD ISSUES

Initially, the court must determine whether defendant's present motion to dismiss was rightly filed at this stage of the litigation.  Plaintiff contends that it was not because "Abbott previously filed a Motion to Dismiss [addressing the mootness question] . . . which is fully briefed and remains under submission in this Court."  (Pl.'s Obj. at 1:28-2:2.)  The court disagrees.

It is well-established that mootness is a question regarding courts' subject matter jurisdiction.  *See Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue.").  Indeed, "[i]f there is no longer a possibility that [a defendant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."  *Id.* (citing *Ruvalcaba v. City of Los*

---

[2] Plaintiff renewed objections to the Mooney Declaration and its attached exhibit (ECF 68) at hearing on the pending motion.  The court need not reach plaintiff's objections as the court has not relied on the attachment in reaching its decision.

3

*Angeles*, 167 F.3d 514, 521 (9th Cir. 1999)).  The Federal Rules of Civil Procedure provide that a party cannot waive the defense of lack of subject matter jurisdiction, and by extension the defense that a claim has become moot.  *See* FED. R. CIV. P. 12(h)(1).  Furthermore, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court jurisdiction, an actual controversy must be extant at all stages of review." (citations omitted)); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 n.2 (9th Cir. 2004) ("'The matter of subject matter jurisdiction . . . may be raised by the parties at any time pursuant to Fed. R. Civ. P. 12(h)(3) . . . .'" (quoting *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983))).

Thus, plaintiff's argument that the motion to dismiss is "procedurally flawed" lacks merit.  Indeed, plaintiff cites no authority in support of this argument, making only conclusory statements that defendant cannot proceed on the present motion because no material facts were unknown to it when it filed its previous 12(b)(6) motion and that defendant's prior mootness argument has already been submitted to this court.  (Pl.'s Opp'n at 3-4.)  Defendant did intimate in a footnote in its 12(b)(6) reply that there was a viable argument for mootness (ECF 27 at 2 n.3), and informed the magistrate judge during a discovery hearing, that "both issues are before the Court in our pending motion" (*id*. at 2 (quoting June 29, 2011 Trans. at 3:3-17)).  That motion, however, was one brought under Federal Rule of Civil Procedure 12(b)(6).  (ECF 13.)  While "motions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6)," *St. Clair v. Chico*, 880 F.2d 199, 201 (9th Cir. 1989), a vague footnote buried in a reply brief does not a 12(b)(1) motion make.

The court can find no compelling reasons to decline consideration of defendant's present motion, which the court finds is not "an effort to reframe an argument . . . already . . . taken under submission." (Pl.'s Opp'n at 4.)  Rather, it is a motion questioning the court's

jurisdiction, which can be raised at any time.

Accordingly, plaintiff's objection to defendant's filing of this second motion to dismiss is overruled. (ECF 63.) The court proceeds to determine whether plaintiff's claim has been rendered moot, in which case the court would be deprived of subject matter jurisdiction over this case.

III. ANALYSIS

    A.    Standard

After a defendant moves to dismiss a case under Federal Rule of Civil Procedure 12(b)(1), "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (internal quotation marks omitted) (citing *St. Clair*, 880 F.2d at 201). Indeed, if the party moving for dismissal under Rule 12(b)(1) "denies or controverts the pleader's allegations of jurisdiction, then he is deemed to be challenging the actual existence of subject matter jurisdiction, and the allegations of the complaint are not controlling." *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir. 1987) (citation omitted). At that point, "the nonmoving party [must] present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction." *Id.*

Claims are moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Stated another way, a case is moot when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" at issue. *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979). The Ninth Circuit has found that one of the principal means by which a claim becomes moot is where "an opposing party has agreed to everything the other party has demanded." *GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, ___ F.3d ___, 2011 WL 1613152,

5

at *6 (9th Cir. 2011) (citing *Spencer-Lugo v. INS*, 548 F.2d 870, 870 (9th Cir. 1977)).[3]  In addition, "[w]hen a defendant offers to make plaintiffs whole, '[t]hat tender end[s] any dispute over restitution . . . .'" *Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS (RZx), at *5 (C.D. Cal. June 17, 2011) (citing *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010)).  In other words, if a plaintiff seeks only restitution, which had been offered her before the claim was brought, there can be no claim; rather, any claim brought at that point is an unnecessary call upon this court's resources.

Accordingly, if defendant has agreed to give plaintiff all that plaintiff demands in damages for defendant's adulterated baby formula, this case is moot and the court is divested of its subject matter jurisdiction.

B.  Application

On the record before the court, plaintiff's claims are moot.  Defendant announced its recall on September 22, 2010 and offers of full refunds beginning on September 23, 2010.  (Boogard Decl. ¶¶ 5, 7.)  Purchasers of recalled product who submitted recall forms on defendant's website or through defendant's hotline were sent a kit for returning the recalled product to defendant, which included $15.00 coupons toward future purchases.  (*Id*. ¶¶ 10-11.)  Thus, customers who could prove they had purchased recalled product received both reimbursement checks and $15.00 coupons.  (*Id*. ¶ 12.)  Where customers complained to defendant that the reimbursement they received was less than the retail price they paid, defendant provided them with the difference.  (*Id*. ¶ 16.)  Furthermore, defendant reimbursed customers who had receipts for recalled product but not the containers, for up to three units of product.  (*Id*. ¶ 17.)  Where such customers also claimed that their children experienced physical symptoms due to the recalled product, defendant offered the reimbursement for up to three units

---

[3] Class actions receive special treatment under this rule, because in situations where a class action has already been certified, "mootness of the named plaintiff's claim . . . does not render the action moot." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980).  Because a class has not been certified in this case, the court need not reach this aspect of mootness doctrine.

1 of product, in addition to up to two complimentary cases (with six containers in each) of that

2 product and a coupon toward the purchase of a future Similac product. (*Id.* ¶ 18.)

3         Plaintiff does not dispute that customers who could prove they purchased recalled

4 product were reimbursed in full; instead, she asserts she is part of a class of consumers who "are

5 unable to provide a receipt for recalled products which they purchased," and so "have suffered

6 economic injuries because they purchased worthless Similac® products for which Abbott will

7 not reimburse them." (Pl.'s Opp'n at 4.)[4]  By plaintiff's own admission, then, she admits she

8 does not have evidence tending to prove that defendant's reimbursement offer under-

9 compensates her.  In her amended complaint, plaintiff alleges only that she purchased two

10 containers of recalled product for which she has the lot numbers.  (*See* Am. Compl. ¶ 5.)  In her

11 opposition to the present motion, however, plaintiff contends that she also "previously purchased

12 approximately six containers of the tainted Similac® products and has retained those receipts,

13 but discarded the containers . . . ." (*Id.*)  In addition, she indicates that she "purchased

14 approximately three containers of Similac® for which she retained neither the containers nor her

15 receipts." (*Id.*)  Absent from plaintiff's pleading is any shred of an indication that these

16 containers were part of the recall; plaintiff's own declaration does not allege that these

17 containers were "tainted" or even that they would have been subject to the recall.  (Tosh-

18 Surryhne Decl. ¶ 4, ECF 65-2.)

19         As such, had plaintiff accepted defendant's offers of restitution, she would have

20 been entitled to reimbursement for the two containers she still had in her possession as well as up

21 to three units.  However, as plaintiff also claims that her child experienced physical symptoms as

22 a result of consuming contaminated product (*see* Am. Compl. § 11), she would have been sent

23 one or two complimentary cases as well as a coupon toward her next purchase.  Thus, had

---

[4] However, in her amended complaint, plaintiff seeks to represent "[a]ll persons and entities who paid for any of Defendants' Similac® infant formula in the State of California." (Am. Compl. ¶ 13.)

7

1  plaintiff been sent one complimentary case in addition to the three units, she would have
2  received nine containers to replace the nine containers she allegedly purchased, as well as a
3  refund check[5] for the two containers she could prove were part of the recall.  Plaintiff could not
4  hope for more – she does not indicate how she would attempt to prove that the containers she
5  allegedly purchased were recalled, or even that she purchased all nine containers.  Plaintiff's
6  allegations are not the kind of evidence she would need to defeat the pending motion.  *See*
7  *Trentacosta*, 813 F.2d at 1559 ("the nonmoving party [must] present evidence outside his
8  pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction.").

        Furthermore, plaintiff's contention at the hearing on this matter that the relief defendant offered -- the receipt of more of the product plaintiff no longer desires or trusts – falls short of making plaintiff whole is not compelling.  Although restitution is sufficient if it makes a plaintiff whole, *see Gates*, 623 F.3d at 394, restitution does not mean that plaintiff must be satisfied; rather, plaintiff must be compensated for her loss in light of defendant's unjust enrichment.  *See* BLACK'S LAW DICTIONARY 1315 (9th ed. 2009) (restitution defined as recovery "based on defendant's gain" or "compensation for loss"); *Atlantic C.L.R. Co. v. Florida*, 295 U.S. 301, 309 (1935) ("A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. The claimant to prevail must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it." (internal citations omitted)); *Chronister Oil Co. v. Unocal Refining and Marketing*, 34 F.3d 462, 464 (7th Cir. 1994) ("The point of an award of damages . . . is, so far as possible, to put the victim where he would have been had the breach or tort not taken place.").  *See also Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996) (restitution required where it would be unjust to retain a benefit received from another).

---

[5] The check would have been in the form of either a retailer or bank check.  It is unclear the size of the two containers for which plaintiff can produce lot numbers.  (*See* Boogard Decl. ¶ 13.)

1  Such compensation can be monetary or nonmonetary; the central concern is that the
2  compensation objectively make plaintiff whole. *See PSM Holding Corp. v. Nat'l Farm Fin.*
3  *Corp.*, 743 F. Supp. 2d 1136, 1146-47 (C.D. Cal. 2010) (discussing situations where specific
4  restitution is impossible, as where the party contended it was "forced to give up an apple and
5  would now receive an orange."); *see also People v. Farell*, 28 Cal. 4th 381, 391-92 (2002)
6  (discussing questions of valuation in context of criminal statute providing for restitution).  A
7  "purely subjective standard . . . is unworkable, and is unrelated to the purpose of restitution,
8  which is to consider to what extent the opposing party has been unjustly enriched." *PSM*
9  *Holding*, 743 F. Supp. at 1150 n.17.

10        The court finds that defendant has made a full offer of restitution to plaintiff for
11  the recalled containers of Similac plaintiff alleges she purchased, even as to those for which she
12  provides no evidence.  This offer moots plaintiff's claims and strips this court of jurisdiction.

13  IV.  CONCLUSION

14        For the foregoing reasons, the court GRANTS defendant's motion to dismiss.
15  (ECF 56.) Accordingly, defendant's previous motion to dismiss (ECF 13) is DENIED as moot.
16  The clerk of the court is DIRECTED to CLOSE this case.

17  DATED: September 26, 2011.

UNITED STATES DISTRICT JUDGE